**24**

Caroline **COOPER**, Plaintiff–Appellant,

v.

State of **CONNECTICUT PUBLIC DEFENDERS OFFICE**,
Defendant–Appellee.

No. 07–1867–cv.

United States Court of Appeals,
Second Circuit.

May 28, 2008.

Marc L. Glenn, Law Office of W. Martyn Philpot, Jr., LLC, New Haven, CT, for Appellant.

Jane B. Emons, Assistant Attorney General, for Richard Blumenthal, Attorney General of Connecticut, Hartford, CT, for Appellee.

Present: ROGER J. MINER, JOSEPH M. McLAUGHLIN, and ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Caroline Cooper appeals a grant of summary judgment entered by the district court on March 30, 2007 in favor of defendant-appellee. Plaintiff had previously filed a substitute complaint against defendant charging it with racial discrimination in violation of Title VII.

We review the district court's grant of summary judgment de novo. *Town of Southold v. Town of East Hampton*, 477 F.3d 38, 46 (2d Cir.2007). Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). For summary judgment purposes, a "genuine issue" exists where the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor. *Nabisco v. Warner–Lambert Co.*, 220 F.3d 43, 45 (2d Cir.2000). We must construe all the evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor. *LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.*, 424 F.3d 195, 205 (2d Cir.2005).

"Although '[i]t is now beyond cavil that summary judgment may be appropriate even in the fact-intensive context of discrimination cases,' *Abdu–Brisson v. Delta Air Lines*, 239 F.3d 456, 466 (2d Cir.2001), 'in discrimination cases where state of mind is at issue, we affirm a grant of summary judgment in favor of an employer sparingly because careful scrutiny of the factual allegations may reveal circumstantial evidence to support the required inference of discrimination.' *Mandell v. County of Suffolk*, 316 F.3d 368, 377 (2d Cir.2003)." *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir.2004) (internal quotation marks omitted).

Title VII makes it unlawful for an employer to discriminate against any individual with respect to the "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Because plaintiff alleges intentional discrimination, the three-prong burden-shifting test of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668

(1973), applies to this case. Under the *McDonnell Douglas* burden-shifting framework, plaintiff must first establish a prima facie case of discrimination. *Id.* at 802, 93 S.Ct. 1817. If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its allegedly adverse employment decision. *Id.* Then, assuming the defendant can articulate a non-discriminatory reason, the burden shifts back to the plaintiff to demonstrate that the employer's alleged reason for the adverse employment decision is a pretext for the true motive which is discriminatory. *Id.* at 804–05, 93 S.Ct. 1817.

Because we have characterized plaintiff's prima facie burden as "minimal" and "de minimis," *Zimmermann v. Assocs. First Capital Corp.*, 251 F.3d 376, 381 (2d Cir.2001), we will assume *arguendo* that plaintiff has established a prima facie case of discrimination. "The burden [then] shifts to the defendant, therefore ... to rebut the presumption of discrimination by producing evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason." *Texas Dep't of Cnty. Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). We note that "[t]he defendant need not persuade the court that it was actually motivated by the proffered reasons. It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff." *Id.* (internal citation omitted). "To accomplish this, the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection. The explanation provided must be legally sufficient to justify a judgment for the defendant." *Id.* at 254–55, 101 S.Ct. 1089 (footnote omitted). "If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted,

and the factual inquiry proceeds to a new level of specificity." *Id.* at 255, 101 S.Ct. 1089 (footnote omitted). Here, defendant, having had the opportunity to witness Cooper at work on numerous occasions over a long period of time, offers numerous reasons for failing to hire her. Most significant for our purposes here, defendant argues that it did not hire Cooper because she "failed to follow a directive of Mr. Barry to remove herself from a personal situation wherein her son was involved in a court matter and she defied his orders, causing dissension among the public defender's and clerk's offices." This reason is legally sufficient to justify a judgment for the defendant, *see Burdine*, 450 U.S. at 254–55, 101 S.Ct. 1089, and thus Cooper's prima facie case has been rebutted by the defendant.

"[O]nce the employer has proffered its nondiscriminatory reason, the employer will be entitled to summary judgment ... unless the plaintiff can point to evidence that reasonably supports a finding of prohibited discrimination." *James v. New York Racing Ass'n*, 233 F.3d 149, 154 (2d Cir.2000). "For the case to continue, the plaintiff must then come forward with evidence that the defendant's proffered, nondiscriminatory reason is a mere pretext for actual discrimination." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000). "The plaintiff must produce not simply some evidence, but sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons proffered by the [defendant] were false, and that more likely than not [discrimination] was the real reason for the [employment action]." *Id.* (internal quotation marks omitted). "In short, the question becomes whether the evidence, taken as a whole, supports a sufficient rational inference of discrimination. To get to the jury, [i]t is not enough ... to disbelieve the

employer; the factfinder must [also] believe the plaintiff's explanation of intentional discrimination." *Id.* (internal quotation marks omitted). Here, while Cooper challenges some of the details of the events regarding the clerk's office, she does not dispute the overall charge that she went to the clerk's office without permission, and against the instruction of her superior. Cooper has failed to come forward with any evidence that defendant's proffered, non-discriminatory reason, i.e. that she failed to follow a directive of a superior, is a mere pretext for actual discrimination. She has therefore failed to prove pretext, and defendant is entitled to a grant of summary judgment.

For the foregoing reasons, we AFFIRM the decision of the district court.